UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THEODORE MUSGROVE, <br><br>         Plaintiff, <br><br>     v. <br><br> KYLE MARSH; H. BERGIN; and BRIAN CROWL, sued in their individual and official capacities, <br><br>         Defendants. | Case No. 1:26-cv-00102-AKB <br><br> **INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Theodore Musgrove's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" the defendant committed the unlawful act, meaning sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2.     Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Plaintiff adheres to a religion that requires the use of tarot cards and a "tarot book." *Compl.*, Dkt. 3, at 4. Plaintiff requested these items—which were being held in the "property room"—from prison staff on April 4, 2025. Three days later, Defendant property officer Marsh responded, "You should have received these items by now." *Id*.

Because Plaintiff had not, in fact, received the items, he sent another request to Marsh and also sent a concern form to Captain Crowl. Marsh responded five days later, stating, "As per the Captain, you can have a medallion and a book." *Id*. at 5.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Plaintiff then sent a concern form to the deputy warden of operations. On April 15, 2025, the deputy warden informed Plaintiff that the failure to provide the items was a "mistake." The deputy warden instructed property officers "to give [Plaintiff] these items to practice [his] religious faith." *Id*.

At one point in the Complaint, Plaintiff alleges he received the items on April 16, 2025— only fourteen days after his initial request. *Id*. at 6. But at another point in the Complaint, Plaintiff claims he went without his religious items for thirty days. *Id*. at 8.

Plaintiff filed a grievance on this issue. Property officer Bergin responded:

> I am sorry for making this mistake and thank you for trying to be patient with us. I know property can be very frustrating for both sides…. I do apologize for the issues with Religious Property. We were operating off an outdated version of that policy. I can assure you that CO Marsh and myself have the current Religious Property policy. You will not have any further religious property issues ….

*Id*.

Plaintiff does not believe Officer Bergin's statement. According to Plaintiff, the religious property policy has "not changed in over 20 years." *Id*. at 7. Thus, Plaintiff contends, the delay in providing Plaintiff with his religious items must have been intentional.

Plaintiff sues Officer Marsh, Captain Crowl, and Officer Bergin. Plaintiff asserts Defendants' actions violated the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. Plaintiff seeks declaratory relief and monetary damages. *Id*. at 9.

**3.    Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

### A.        Standards of Law Applicable to Plaintiff's Claims

Plaintiff brings his First Amendment claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The Free Exercise Clause of the First Amendment absolutely protects the right to believe in a religion—it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296, 303–04 (1940). Inmates retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). An inmate who is an adherent of a minority religion must be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam). A prison need not, however, provide "identical facilities or personnel" for "every religious sect or group within a prison," and a "special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." *Id.* at 322 n.2.

To serve as a basis for a viable claim challenging a prison restriction under the Free Exercise Clause, an inmate's belief must be both "sincerely held" and "rooted in religious belief."

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

*Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (internal quotation marks omitted). Further, the burden placed on the inmate's religious exercise by the defendants' actions must be substantial. *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989). *De minimis*—or minor—burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. *See, e.g.*, *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a *de minimis* burden on inmate's free exercise of religion).

Challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 125 (1977) (quotation omitted). What constitutes a reasonable opportunity for religious exercise, therefore, must be evaluated within the context of a prison's need for security, among other legitimate goals. *O'Lone*, 482 U.S. at 350–53 (1987) (holding that a prison's policy of not allowing Muslim inmates on work detail to return to the prison to attend Jumu'ah, a group worship service, did not violate the Constitution).

So long as a restriction on an inmate's religious practice "is reasonably related to legitimate penological interests," that restriction is valid. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Factors to be considered in this reasonableness inquiry include (1) whether there is a logical connection between the governmental interest and the particular policy or decision at issue; (2) whether "alternative means of exercising the right remain open to prison inmates"; (3) the impact accommodating a prisoner's religious practice would have on "other inmates, on prison personnel, and on allocation of prison resources generally"; and (4) whether there is an absence of "obvious, easy alternatives" to the policy or decision. *O'Lone*, 482 U.S. at 350–53 (internal quotation marks

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

and alterations omitted). Courts must take care to avoid "substitut[ing] [their] judgment on difficult and sensitive matters of institutional administration." *Id*. at 353 (internal quotation marks and alteration omitted).

A jail or prison's occasional failure to accommodate a religious practice does not violate the Free Exercise Clause where the failures were not caused by "anything other than institutional shortage." *Wintrode v. Ada Cnty. Jail Emps.*, No. 1:24-CV-00015-DCN, 2025 WL 2374328, at *3 (D. Idaho Aug. 13, 2025) (unpublished). Similarly, a temporary delay in accommodating religious practice does not violate the First Amendment when caused by ordinary administrative or institutional delay. *See Tapp v. Stanley*, 2008 WL 4934592, at *7 (W.D.N.Y. Nov. 17, 2008) (unpublished) (holding that a three-month delay in providing a prisoner with a religious meal did not substantially burden the prisoner's sincerely held religious beliefs where the problem was "caused by ordinary administrative delay"). Further, an isolated act of negligence does not violate an inmate's First Amendment right to free exercise of religion. *Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009).

The Free Exercise Clause of the First Amendment is not the only source of religious protection within a prison. RLUIPA provides, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person[] (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

RLUIPA applies to entities receiving federal financial assistance. *Id*. at (b)(1). By accepting federal funds, however, states do not waive sovereign immunity to suits for monetary damages

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011). RLUIPA also does not permit a plaintiff to seek financial compensation from individuals. *Wood v. Yordy*, 753 F.3d 899, 902–04 (9th Cir. 2014). RLUIPA also does not permit suits against government employees in their individual capacities unless those employees have personally consented to be sued under that statute. *Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 609 U.S. ___, No. 23-1197, 2026 WL 1791277, at *6 (U.S. June 23, 2026).

An inmate asserting a claim under RLUIPA must plausibly allege that the governmental action constitutes a substantial burden on the exercise of the inmate's religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). For an official's action to constitute a substantial burden on an inmate's religious exercise, it "must impose a significantly great restriction or onus upon such exercise." *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).

If an inmate establishes "the prima facie existence" of a substantial burden on the exercise of the inmate's religion, then the burden shifts to prison officials "to prove that [the] substantial burden on [the inmate's] exercise of his religious beliefs is *both* 'in furtherance of a compelling governmental interest' *and* the 'least restrictive means of furthering that compelling governmental interest.'" *Warsoldier*, 418 F.3d at 995 (quoting 42 U.S.C. § 2000cc-1(a); § 2000cc-2(b)).

Although RLUIPA is to be construed broadly in favor of protecting an inmate's religious rights, *id*., the statute does not "elevate accommodation of religious observances over an institution's need to maintain order and safety," *Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005). A prisoner's requests for religious accommodation must not override other significant interests within a prison setting. "Should inmate requests for religious accommodations become excessive, impose unjustified burdens on other institutionalized persons, or jeopardize the effective

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

functioning of an institution, the facility would be free to resist the imposition." *Cutter v. Wilkinson*, 544 U.S. at 726. In the words of the Supreme Court, "context matters." *Id*. at 723 (quotation marks and alteration omitted).

As with the Free Exercise Clause, a negligent act committed by a prison official does not violate an inmate's right to religious exercise under RLUIPA. *Lovelace v. Lee*, 472 F.3d 174, 194 (4th Cir. 2006). This is because "simple negligence, the lowest common denominator of customary tort liability, does not suffice to meet the fault requirement under section 3 of RLUIPA" (internal quotation marks omitted).

**B.        *The Complaint Does Not State a Plausible Free Exercise or RLUIPA Claim***

For two reasons, the Complaint fails to state a claim upon which relief may be granted under either the Free Exercise Clause or RLUIPA. First, Plaintiff plausibly alleges he was without his religious items for thirty days—at most. Plaintiff's allegations do not give rise to a reasonable inference that this brief delay constituted a substantial burden on his religious exercise, which is a requirement for both free exercise and RLUIPA claims. *See, e.g.*, *Tapp*, 2008 WL 4934592, at *7 (delay of three months was not a substantial burden); *McCormack v. Myers,* No. 6:06-2344-HFF-WMC, 2007 WL 1704905 at *4 (D.S.C. June 12, 2007) (delay of two and a half months was not a substantial burden).

Second, Plaintiff's allegations plausibly suggest, at most, that Defendants acted negligently in failing to immediately provide Plaintiff with his religious items. Prison officials acknowledged that the delay was the result of a mistake and apologized for the mistake. This isolated act of negligence is insufficient to state a claim for relief under the First Amendment or RLUIPA. *See Gallagher*, 587 F.3d at 1070; *Lovelace*, 472 F.3d at 194. Plaintiff's personal belief that Defendants acted with a sufficiently culpable state of mind does not support a reasonable inference that they in fact did so.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

Accordingly, the Complaint fails to state a claim upon which relief may be granted.[1]

**4.     Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

---

[1] Plaintiff's RLUIPA claims for damages are subject to dismissal on two additional grounds: the statute does not permit monetary damages, and the Complaint does not establish Defendants' consent to be sued. *See Wood*, 753 F.3d at 902–04; *Landor*, 2026 WL 1791277, at *6.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.     The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight days within which to file an amended complaint as described above.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

2.        If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

DATED: July 2, 2026

*Amanda K. Brailsford*

Amanda K. Brailsford
U.S. District Court Judge